95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Haideh G. MOGHADDAM, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70854.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided June 19, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aze-ehx-rpc.
 BIA [Withdrawing & Superseding opinion on denial of rehearing from 45 F.3d 436].
 REVIEW DENIED.
 Before: LAY,* TROTT and T.G. NELSON, Circuit Judges.
 ORDER
 The Memorandum disposition filed December 16, 1994, is withdrawn. The Memorandum disposition is ordered filed in its place.
 The Respondent's Petition for Rehearing filed on January 30, 1995, is DENIED as moot.
 Before: LAY,* TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Haideh G. Moghaddam (Moghaddam) is before this court on a petition for review of the Board of Immigration Appeals' (BIA's) denial of her requests for asylum and withholding of deportation and denial of her motion to remand. We have jurisdiction under 8 U.S.C. § 1105(a), and we deny the petition for review.
 
 DISCUSSION
 A. Denial of Asylum
 
 3
 Moghaddam argues that the BIA erred in denying her request for asylum. She claims she was targeted for persecution because of her political activities and her membership in a particular social group as a feminist.
 
 1. Credibility Finding
 
 4
 The BIA concurred with the Immigration Judge's (IJ) conclusion that Moghaddam's testimony lacked credibility. The Government argues that because Moghaddam has not challenged the credibility finding, it must stand. A similar argument was made in Aguilera-Cota v. INS, 914 F.2d 1375 (9th Cir.1990), where the Government argued "that the petitioner failed to raise the credibility issue before the BIA and thereby waived that issue." Id. at 1383 n. 8. We disagreed and held that "[t]he petitioner's challenge to the IJ's conclusion that his testimony failed to carry the burden of proof is sufficient to comprehend the credibility component of that finding." Id. Likewise, in this case, Moghaddam challenged the IJ's decision contending that it was contrary to the evidence and that she had met the requisite burdens of proof. Consequently, Moghaddam's appeal necessarily challenges the credibility finding. However, we hold that the IJ's credibility finding is supported by substantial evidence.
 
 
 5
 The IJ offered "specific, cogent reason[s] for his disbelief." Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987) (quotations and alterations omitted). First, he noted Moghaddam's irreconcilable responses to question 34 on her two applications for asylum. In 1984, Moghaddam did not indicate she was a member of any political organization or active in politics. Conversely, on her 1988 application, Moghaddam indicated she had "participated in anti-Khomeini activities in a very small group manner." We agree with the IJ that it is unlikely Moghaddam would have forgotten her political activities in 1984 but remembered them in 1988. Moghaddam's failure to disclose her political activities prior to her 1988 application casts doubt on her claim that she was politically active.
 
 
 6
 The IJ also questioned Moghaddam's credibility in light of the reason she gave for obtaining her nonimmigrant visa to the United States. Moghaddam obtained the visa so she could receive medical treatment for cancer, although she later discovered she did not have cancer. Moghaddam testified she did not tell authorities she was fleeing persecution in Iran because she did not know if she would like the United States. As the IJ noted, Moghaddam's request for a visa for medical purposes only is inconsistent with her claim that she was fleeing persecution.
 
 
 7
 Further, the IJ disbelieved Moghaddam's claim that she was in hiding for her last four months in Iran. Moghaddam claimed to go into hiding by moving from her mother's home to her sister's home. However, she continued to work while in hiding. As the IJ noted, Moghaddam's continued employment contradicts her claim that she was in hiding. We agree with the IJ that if she were really frightened for her life she would not have continued to work. If her persecutors knew she were distributing anti-Khomeini literature at work, they probably also knew where she worked.
 
 
 8
 Finally, we note Moghaddam submitted, in support of her asylum claim, a letter from Farimah Massoumi which claimed Moghaddam's car had been attacked and vandalized by Islamic Committee members. At the immigration hearing, Moghaddam conceded the incident never occurred. Moghaddam's submission of false evidence further impairs her credibility.
 
 
 9
 We hold that the IJ's credibility finding is supported by substantial evidence to conclude Moghaddam was not politically active. There is a rational and supportable connection between the reasons cited by the IJ and the conclusion that Moghaddam is not credible. See Aguilera-Cota, 914 F.2d at 1381. Moreover, the inconsistencies relate directly to Moghaddam's claim that she will be persecuted for her political activities. Because Moghaddam's claim that she was politically active is riddled with inconsistencies, she cannot assert that she is a refugee on this basis.
 
 2. Feminism
 
 10
 However, Moghaddam offers an alternative ground for establishing her status as a refugee. She contends she is a member of a particular social group composed of feminists.[1] We note, however, that "feminism" more appropriately refers to a political opinion than a particular social group and analyze the claim as such. See Fatin v. INS, 12 F.3d 1233, 1242 (3d Cir.1993) ("[F]eminism qualifies as a political opinion within the meaning of the relevant statutes."). Moghaddam claims that, because of her feminist beliefs, she abhors compulsory compliance with Iran's ultraconservative laws, sometimes referred to as the "moral codes."
 
 
 11
 In Fisher v. INS, 79 F.3d 955 (9th Cir.1996), we stated that "[p]ersecution requires the government actor to inflict suffering on account of an individual's religious or political beliefs, race, nationality, or membership in a particular social group. It does not include mere discrimination, as offensive as it may be." Id. at 962 (citations omitted). To establish that she had been persecuted, we concluded that Fisher "must show that the Iranian government's potential act of persecution stemmed from its desire to single her out for unique punishment because of her actually-held or perceived-to-be-held political or religious beliefs." Id. (quotations and alterations omitted). We held that "[b]ecause Fisher has demonstrated only discrimination on account of her sex, not persecution on account of her religious or political beliefs, she has failed to carry her burden under Ghaly."[2] Id. at 963.
 
 
 12
 Moghaddam contends sanctions by the regime for her inadvertent noncompliance was an attempt to persecute her for her feminist beliefs. Pursuant to our recent decision in Fisher, we hold that Moghaddam has demonstrated only discrimination on account of her sex, not persecution on account of her religious or political beliefs. See id.
 
 
 13
 Moghaddam also claims that she is fearful of returning to Iran because she could be punished for leaving the country without an exit permit and for having been involved in political activities against the government. We reject this claim and hold that Moghaddam has failed to establish a well-founded fear of future persecution.
 
 
 14
 Although Moghaddam may be punished for leaving the country without an exit permit, this fear of punishment is insufficient to establish grounds for asylum. It is not enough for an alien to establish that she faces a possibility of prosecution for an act deemed criminal in her country, which is made applicable to all people in that country. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 15
 Furthermore, although Moghaddam testified that she found the Iranian moral codes to be oppressive, the evidence establishes that she complied with them. No evidence suggests that Moghaddam would refuse to conform and suffer the consequences if she were to return. At most, Moghaddam is reluctant to conform to Iranian customs and laws. However, reluctant compliance with gender-specific customs and laws cannot be considered a form of persecution. See Fisher, 79 F.3d at 962-63; Fatin, 12 F.3d at 1242.
 
 B. Withholding of Deportation
 
 16
 Because Moghaddam has failed to meet the "well-founded fear" standard for asylum, she necessarily fails to show the "clear probability" of persecution required for the withholding of deportation. See Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) ("A 'clear probability' means that the applicant will more likely than not be persecuted if deported. This is more stringent than the 'well-founded fear' standard required by section 208.") We therefore uphold the BIA's refusal to withhold deportation.
 
 C. Motion to Remand
 
 17
 Moghaddam claims that the BIA erred in denying her motion to remand to allow her an opportunity to apply for suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1). We reject this claim.
 
 
 18
 We review the BIA's decision to deny a motion for remand for abuse of discretion. See Limsico v. INS, 951 F.2d 210, 213 (9th Cir.1991). The BIA's finding of no extreme hardship is also reviewed for abuse of discretion and the BIA has the discretion to construe extreme hardship narrowly. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 19
 A petitioner must establish a prima facie case for eligibility of suspension of deportation before a motion to remand will be granted. See Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987). In order to establish a prima facie case, Moghaddam had to establish that:
 
 
 20
 (1) [she] has been physically present in the United States for a period of at least seven years; (2) during all such period [she] was and is of good moral character; and (3) the deportation would result in extreme hardship to [her] or to [her] spouse, parent, or child who is a citizen or lawful permanent resident.
 
 
 21
 Limsico, 951 F.2d at 213.
 
 
 22
 If deported, Moghaddam would be separated from a brother, a sister, nieces and nephews. However, as the BIA noted, the hardship of these third parties cannot be considered in evaluating extreme hardship. See INS v. Hector, 479 U.S. 85, 88 (1986) (per curiam) (holding BIA should consider only hardship to a spouse, parent or child). The BIA also noted that Moghaddam had recently purchased a home and started a new business and that she wished to attend flying school to become an airline pilot. These grounds do not give rise to extreme hardship either. See Ramirez-Durazo, 794 F.2d at 498-99 (holding economic disadvantage and loss of educational opportunities does not constitute extreme hardship); Carnalla-Munoz v. INS, 627 F.2d 1004, 1007 (9th Cir.1980) (holding sale of home upon deportation does not constitute extreme hardship).
 
 
 23
 Moghaddam has failed to establish a prima facie case for eligibility of suspension of deportation. Therefore, the BIA did not abuse its discretion in denying the motion to remand.
 
 CONCLUSION
 
 24
 The petition for review is DENIED. Moghaddam is permitted to depart from the United States voluntarily within thirty days from the date the mandate is issued. If she fails to do so, she shall be deported as provided in the Immigration Judge's order.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We reject the Government's argument that Moghaddam cannot argue on appeal that she is entitled to refugee status due to her feminism because she did not previously make this assertion. The BIA held that Moghaddam "has not shown that she has a well-founded fear of persecution on the basis of membership in a particular social group because of her status as a woman." Although "women" is a broader group of individuals than "feminists," we conclude the argument was sufficiently raised before the BIA
 
 
 [2]
 Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995), held that to obtain reversal of the Board's decision, a petitioner must establish that the evidence "not only supports that conclusion but compels it." The petitioner must demonstrate "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id